UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JERRY L. DOWNS, )<br>)<br>        Petitioner, )<br>v. )<br>)<br>STANLEY KNIGHT, )<br>)<br>        Respondent. ) | No. 1:06-cv-989-SEB-VSS |

### Entry Denying Petition for Writ of
### Habeas Corpus and Directing Entry of Judgment

The petition of Jerry L. Downs ("Downs") for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice.**

### I. NATURE OF THE CASE

Downs seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### II. PARTIES

Downs is an inmate in the custody of the Indiana Department of Correction. He is confined at the Pendleton Correctional Facility.

The respondent is Downs' custodian, and in this action is sued in his official capacity only as a representative of the State of Indiana.

### III. FACTS AND PROCEDURAL BACKGROUND

On April 18, 2003, Downs placed a 911 call to report the murder of Michele Jaynes. Downs told the responding deputy sheriff that Downs had witnessed Michael Collins murder the victim. Collins himself later gave a statement to police describing Downs' involvement in the incident. As a result of these matters, Collins was charged with Jaynes' murder, and Downs was charged on April 21, 2003, with several felonies in an action docketed as No. 27C01-0304-FB-32. There was no direct appeal from this disposition, but many detailed facts and circumstances are supplied by the decision of the Indiana Court of Appeals affirming the trial court's denial of Downs' petition for post-conviction relief. *See Downs v. State,* 827 N.E.2d 646, 648-50 (Ind.Ct.App. 2005).

Downs was then convicted of criminal confinement, possession of a firearm by a serious violent felon, dealing methamphetamine, and possession of a machine gun. This conviction resulted from the submission and acceptance of a plea agreement between Downs and the State of Indiana. Provisions of that plea agreement included the following:

> 1. That [Downs] will enter a plea of guilty to the crime of: Count 1, Criminal Confinement, a Class B Felony, Count 3, Possession of a Firearm by a Serious Violent Felon, a Class B Felony, Count 5, Dealing in Methamphetamine, a Class B Felony, each of which carries a maximum sentence of twenty (20) years incarceration, a minimum sentence of six (6) years incarceration and a maximum fine of $10,000. Count 7, Possession of a Machine Gun, a Class C felony, which carries a maximum sentence of eight (8) years incarceration, a minimum sentence of two (2) years incarceration, and a maximum fine of $10,000.
>
> 2. That the STATE OF INDIANA and [Downs] agree that the sentence shall be on Count 1, Count 3, and Count 5, twenty (20) years incarceration with a cap of fifteen (15) years executed. The suspended portion of the sentence shall be served on supervised probation. Count 7, eight (8) years incarceration with a cap of six (6) years executed. The suspended portion of the sentence shall be served on supervised probation.
>
> 3. That Counts 2, 4, 6, and 8 shall be dismissed.
>
> . . .
>
> 5. That Counts 1, 3, and 7 shall run concurrent to each other but it is left up to the discretion of the Court whether Count 5 runs concurrent or consecutive to Counts 1, 3, and 7.

The addendum to the plea agreement required Downs to "testify truthfully in State v. Michael Collins, Cause # 27C01-0304-MR-31."

On August 22, 2003, the trial court sentenced Downs as follows:

> The Court now sentences [Downs] to the custody of the Indiana Department of Correction for twenty (20) years on Counts 1, 3 and 5 and eight (8) years on Count 7. The Court now orders that Counts 1, 3, and 7 run concurrently but that Count 5 run consecutively to Counts 1, 3 and 7. The Court now suspends five (5) years of [Downs's] sentence on Counts 1, 3, and 5 and two (2) years on Count 7, it being the intention of the Court that [Downs] receive a total incarcerated sentence of thirty (30) years followed by ten (10) years of probation.

Following the imposition of sentence, several events pertinent to an understanding of Downs' habeas petition occurred.

- On October 14, 2003, Downs filed a pro se petition for post-conviction relief, asserting that David Payne, Downs' counsel, was ineffective for failing to review evidence with him, not filing a motion to suppress evidence obtained from the search, and failing to adequately explain or challenge the plea agreement. Also on that date, Thomas Margolis entered his appearance for Downs.

- On February 4, 2004, Downs refused to testify at Collins' trial. After being advised of the circumstances and possible consequences of this course, as well as permitting Downs to consult with his attorney, Downs still refused to testify. He was found in direct criminal contempt pursuant to IND. CODE § 34-47-2-2(1). He was sanctioned with the imposition of a 2-year sentence, which was "to run consecutively with [Downs'] sentence in 27C01-0304-FB-32."

- On February 10, 2004, the State filed a petition to revoke Downs' suspended sentence based on the contempt finding in State v. Michael Collins, Cause # 27C01-0304-MR-31. This petition was amended on March 10, 2004. A hearing on that amended petition was conducted on March 12, 2004. Downs' challenge to the contempt finding was overruled.

- On April 6, 2004, Downs filed a notice of appeal.

- On May 3, 2004, Downs filed an amended petition for post-conviction relief.

- On May 7, 2004, the trial court granted the State's motion to revoke Downs' suspended sentence and found that Downs had committed "a new crime, obstruction of justice, which amounts to a violation of his suspended sentence." Accordingly, the court "reimposed" the ten years that had been suspended. Following a hearing, the court also denied Downs' amended petition for post-conviction relief, finding that Downs had failed to meet his burden of demonstrating either that his counsel had been ineffective or that his guilty plea was involuntary or unknowing due to his psychological condition.

- On May 24, 2005, the Indiana Court of Appeals affirmed the denial of Downs' amended petition for post-conviction relief. In doing so, the Indiana Court of Appeals rejected Downs' claims that trial court erroneously denied his motion to dismiss the State's petition to revoke his suspended sentence, that his two-year sentence for contempt was inappropriate, and that trial counsel was ineffective.

- Downs sought transfer to the Indiana Supreme Court. In doing so, he raised only his claim that trial counsel was ineffective for failing to file a motion to

suppress. The petition for transfer to the Indiana Supreme Court was denied on August 11, 2005.

After completion of the state proceedings recited above, the present action was filed. Downs states in his habeas petition that he is seeking leave to file a successive action for post-conviction relief in the Indiana state courts. The respondent has answered the allegations of the habeas petition, and in doing so has argued that Downs is not entitled to relief for both procedural and other reasons. Downs has replied.

## IV.  DOWNS' CLAIMS

Downs seeks federal habeas relief based on his claims that: 1) the State violated the terms of the plea agreement in No. 27C01-0304-FB-32 by seeking revocation of the suspended sentence; 2) the trial court's revocation of the suspended sentence renders the guilty plea involuntary and unintelligent; 3) he was denied the effective assistance of counsel; and 4) the decision of the Indiana Court of Appeals in affirming the denial of post-conviction relief is an unreasonable determination of the facts in light of the evidence.

## V.  STANDARD OF REVIEW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of the habeas petition in this case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

In addition to the substantive standard reviewed above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388 (2004). Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Thus,

> the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.
>
> Federal courts may only review defaulted claims if the petitioner shows cause for the failure to raise them and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears the claim.

*Baddelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006)(internal quotations and citations omitted). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## VI. ANALYSIS

Downs' fourth claim parrots language found in 28 U.S.C. § 2254(d)(2). Such an argument may be made to support a claim of error, but is not itself a claim. As to this argument, "[o]n habeas review, we presume that the factual findings of the state appellate court are correct in the absence of clear and convincing evidence to the contrary. *Baddelle,* 452 F.3d at 659 (citing 28 U.S.C. § 2254(e)(1) and *Ruvalcaba v. Chandler,* 416 F.3d 555, 559 (7th Cir. 2005)). In this case, Downs has not shown by clear and convincing evidence, nor by any evidence at all, that the facts on which the above statement is based are not correct. The findings of fact are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Downs under § 2254(d)(2). See *Harding v. Walls,* 300 F.3d 824, 828 (7th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and explaining that courts refer to (e)(1) for the petitioner's burden of proof when that petitioner tries to make a (d)(2) showing of unreasonable state court factual determinations).

5

Downs' first two habeas claims are that the State violated the terms of the plea agreement in No. 27C01-0304-FB-32 by seeking revocation of the suspended sentence and that the revocation of the suspended sentence rendered his guilty plea involuntary and unintelligent. The Indiana Court of Appeals found that the revocation was supported by sufficient evidence, *Downs v. State,* 827 N.E.2d at 651, but did not find properly preserved for its review a claim that the State's action in seeking revocation of the suspended sentence violated the terms of the plea agreement itself or that such action rendered the guilty plea involuntary and unintelligent. In any event, these claims were not included in Downs' petition to transfer to the Indiana Supreme Court, and this failure amounts to procedural default. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."). Downs has not attempted to show cause for or prejudice from this procedural default, nor that this court's failure to address the claim would result in a fundamental miscarriage of justice.

Downs' third claim is that he was denied the effective assistance of counsel when his post-conviction counsel failed to present the first two habeas claims in the post-conviction petition.[1] The asserted ineffectiveness of counsel in the post-conviction action does not constitute an independent constitutional claim, however, because at that point Downs no longer had a Sixth Amendment right to the assistance of counsel. *Szabo v. Walls,* 313 F.3d 392, 397 (7th Cir. 2002)(citing *Pennsylvania v. Finley,* 481 U.S. 551, 557

---

[1] A different specification of ineffective assistance of counsel was included in the post-conviction action, but is not renewed in the present action. In the post-conviction action, Downs argued that he was denied the effective assistance of counsel when his trial counsel failed to file a motion to suppress. To support an ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668, 684 (1984), Downs must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 695. A federal habeas court does not apply the principles of *Strickland* directly, but instead analyzes whether the state courts reasonably applied federal law. *See Conner v. McBride,* 375 F.3d 643, 657 (7th Cir. 2004). This review is "quite deferential," and will not permit disturbing the state court's decision as long as it is objectively reasonable. *Barrow v. Uchtman,* 398 F.3d 597, 60 3 (7th Cir. 2005). "The state court decision is reasonable if it is 'minimally consistent with the facts and circumstances of the case.'" *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (quoting *Schaff v. Snyder,* 190 F.3d 513, 522 (7th Cir. 1999)), *cert. denied,* 528 U.S. 1057 (2003).
  The Indiana Court of Appeals properly identified the two applicable prongs under *Strickland*. In then applying the *Strickland* standard, the Indiana Court of Appeals did not apply that standard in a manner contrary to the holdings of the United States Supreme Court, nor did its analysis constitute an objectively unreasonable application of *Strickland's* standard requiring both deficient performance and prejudice. The Indiana Court of Appeals explained: "Downs has not shown that . . . a motion [to suppress] would have been granted." *Downs v. State,* 827 N.E.2d at 655. There was no deficient performance of counsel under these circumstances. *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001) ("It is not deficient performance to fail to raise an argument with no real chance of success."). Even if renewed in the present case, this specification of attorney ineffectiveness would not support the award of federal habeas relief.

6

(1987), and 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

### VII.  CONCLUSION

This court has carefully reviewed the state record in light of Downs' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388  (7th Cir. 1997). No such established rules entitle Downs to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 10/11/2006

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana